OPINION
On February 8, 2000, Appellant was indicted on one count of Trafficking in Cocaine and one count of Possession of Crack Cocaine
On April 7, 2000, Appellant filed a Motion to Suppress arguing that the search warrant was insufficient.
On May 23, 2000, an oral hearing was held on Appellant's Motion to Suppress.
On July 6, 2000, the trial court, by Judgment Entry, overruled Appellant's Motion.
On September 12, 2000, a jury trial commenced with the jury reaching a guilty verdict as to each count on September 15, 2000.
On December 4, 2000, Appellant was sentenced to four years incarceration on count one and four years incarceration on count two, with said sentences to be run consecutive to one another.
It is from this sentence that Appellant has filed the instant appeal, assigning the following errors:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED BY FAILING TO GRANT DEFENDANT'S MOTION TO SUPPRESS FILED APRIL 7, 2000.
 II. APPELLANT'S CONVICTION WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTION TO DENY THE DEFENDANT ANY AND ALL EXCULPATORY EVIDENCE AVAILABLE TO THE DEFENDANT IN THE PRESENTATION OF HIS CASE IN CHIEF.
 IV. THE DEFENDANT WAS PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO DISCLOSE TO THE DEFENDANT A PLEA BARGAIN AGREEMENT PRIOR TO TRIAL.
 V. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED BY SENTENCING APPELLANT TO THE MAXIMUM SENTENCE CONTRARY TO THE LAW, AND ALSO ABUSED ITS DISCRETION AND ERRED BY FAILING TO COMPLY WITH R.C. 2929.13(B).
 I.
Appellant claims that the trial court erred in failing to grant his motion to suppress. We disagree.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623.
Appellant's motion to suppress was two-pronged. First, appellant argued that the affidavit on which the search warrant was based was insufficient to provide probable cause. Second, Appellant argues that the information in the affidavit lacked sufficient timeliness and credibility to justify the issuance of the warrant.
In determining the sufficiency of probable cause and an affidavit submitted in support of a search warrant, the task of the issuing Magistrate is to make a practical, common sense decision as to whether, given all the circumstances set forth in the affidavit, including the veracity and basis for knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. State vs. George (1989),45 Ohio St.3d 325, paragraph one of the syllabus. In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant, the Appellate Court should not substitute its judgment for that of a Magistrate by conducting a de novo determination as to whether the affidavit contained sufficient probable cause upon which that court would issue the warrant. Id. at paragraph two of the syllabus. Rather, our duty is simply to ensure that the Magistrate had a substantial basis for concluding that probable cause existed. Id. We should give great deference to the Magistrate's determination of probable cause, and doubtful or marginal cases should be resolved in favor of upholding the warrant. Id.
In the instant case, the affidavit recited that Appellant was the subject of an ongoing investigation; that a confidential informant told Detective Devore that he sold drugs for the Appellant; that a controlled drug buy was conducted at Appellee's residence by the police and the informant; that electronic surveillance was used in said controlled drug buy whereby Det. Devore heard Appellant participating in the sale of crack cocaine.
The portions of the affidavit referenced above were detailed, fact-specific statements. This was not a bare-bones affidavit, as alleged by appellant in his brief. The affidavit provided more than sufficient factual information to the issuing judge to establish probable cause to believe that drugs would be located at the place indicated.
Appellant's argument that the above information was "stale" in that the drug buy occurred on January 21, 2000, and the warrant was not requested until January 28, 2000, is without merit. We do not find that the lapse of one week is substantial. The standard for determining whether probable cause to believe evidence exists in a particular location is "whether, given all the circumstances set forth in the affidavit * * * there is a fair probability that contraband or evidence will be found in a particular place." Illinois v. Gates (1983), 462 U.S. 213, 238,103 S.Ct. 2317, 76 L.Ed.2d 527. Here, the affidavit was based on ongoing criminal activity. We therefore find that there was evidence to support the magistrate's conclusion that a fair probability existed that drugs were located at Appellant's premises.
Appellant's first Assignment of Error is overruled.
 II.
In his second assignment of error, appellant claims that his conviction was against the manifest weight of the evidence. We disagree.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins (1997), 78 Ohio St.3d 380,387 citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. Statev. DeHass (1967), 10 Ohio St.2d 230, syllabus 1. This court should not reverse on the manifest weight of the evidence unless we find the jury lost its way in interpreting the facts presented, so that its verdict amounts to a manifest miscarriage of justice, Thompkins at 387
At trial, Detective Devore testified that a confidential informant, equipped with a radio transmitter, purchased crack cocaine from the Appellant. (T. at 23-28). He also testified that the confidential informant paid $400.00 to Appellant in exchange for the crack cocaine. (T. at 102-103). Upon execution of the warrant, cocaine and marijuana were seized from Appellant's residence. (T. at 86-88, 166-168). Appellant made a statement to the police that the cocaine belonged to him. (T. at 31, 37, 171, 205). Said cocaine tested positive. (T. at 208, 217).
Based upon the facts noted supra, and the entire record, we do not find the jury's verdict was against the manifest weight of the evidence. The jury was free to accept or reject any or all of the testimony of the witnesses and assess the credibility of those witnesses. There was sufficient, competent circumstantial evidence to support the jury's finding.
Appellant's second assignment of error is overruled.
 III.
In his third assignment of error, Appellant claims that the trial court erred in allowing the prosecution to deny him any and all exculpatory evidence available to him in the presentation of his case in chief. We disagree.
Crim.R. 16(B)(1)(f) provides that upon motion of the defense, the prosecution must disclose all evidence "favorable to the defendant and material either to guilt or punishment."
Appellant claims that the State failed to reveal certain exculpatory evidence to Appellant, to-wit: the confidential informant in this matter was paid $100.00 and was to be given favorable consideration in a probation revocation matter for his cooperation.
Pursuant to Brady v. Maryland (1963), 373 U.S. 83, 87, 83 S.Ct. 1194,1196-1197, 10 L.Ed.2d 215, 218, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."
"`Exculpatory evidence' is defined as evidence favorable to the accused which, `if disclosed and used effectively, * * * may make the difference between conviction and acquittal.'" State v. Rowe (1993),92 Ohio App.3d 652, 666, quoting U.S. v. Bagley (1985), 473 U.S. 667,676, 87 L.Ed.2d 481, 490, 105 S.Ct. 3375.
Evidence is material if it is reasonably probable the result of the trial would have been different had the evidence been disclosed to the defense. State v. Johnston (1988), 39 Ohio St.3d 48, 60, 529 N.E.2d 898,910-911. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. State v. Davis (Apr. 18, 1990), Lorain App. No. 88CA004390, unreported, at 49, citing Bagley, supra, at 682, 87 L.Ed.2d at 494. In addition to exculpatory evidence, evidence that might be used for impeachment purposes, where the credibility of the witness to be impeached may be determinative of guilt or innocence, must also be disclosed. Davis, supra, at 49, citing Giglio v. U.S. (1972),405 U.S. 150, 154, 31 L.Ed.2d 104, 108.
Thus, in addressing appellant's assertion that the state should have revealed such evidence to appellant, the issue before us is not whether such information was discoverable, nor whether such information was favorable to appellant, but whether the omission of such evidence produced a reasonable probability that, had the jury known, the jury's verdict would have been affected.
In the instant case, upon cross-examination by counsel for Appellant, the informant admitted that he was paid $100.00 for his services. (T. at 104).
Based on the above, we cannot find that the outcome of the trial would have been different had such information been disclosed through proper discovery.
Appellant's third assignment of error is denied.
 IV.
In his fourth assignment of error, Appellant contends that he was prejudiced by his attorney who failed to notify him of a plea offer and that such failure constitutes ineffective assistance of counsel. We disagree.
The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373; State v. Combs, supra. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential.Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley,supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. Appellant is again without record evidence to support a demonstration either prong of the standard announced in Strickland has been met.
Our review on appeal is limited to those materials in the record which were before the trial court. See, State v. Ishmail (1978), 54 Ohio St.2d 4. We note that no written plea offer or agreement appears in the record. The record does not affirmatively demonstrate the error claimed.
Accordingly, appellant's fourth assignment of error is overruled
 V.
Appellant claims that the trial court abused its discretion in sentencing him to the maximum sentence and that the court failed to comply with R.C. § 2929.13(B). We disagree.
Revised Code § 2929.13(B) states, in pertinent part:
 (B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
(a) * * *
(Emphasis added).
Appellant in this case sub judice was convicted and sentenced for felonies of the third degree.
An appellate court will not review a trial court's exercise of discretion in sentencing when the sentence is authorized by statute and is within the statutory limits. State v. Hill (1994), 70 Ohio St.3d 25,29. The trial court followed the sentencing scheme as permitted by R.C.2929.14(A)(3), which provides that the penalty for a felony of the third degree is a prison term of "two, three, four, or five years." The sentence was within the statutory limits and, for this reason, we will not interfere with the trial court's exercise of discretion.
Appellant's fifth assignment of error is denied.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Coshocton County Court of Common Pleas is affirmed. Costs assessed to appellant.
Hon. Julie A. Edwards, P.J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.